## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | No. 15-82766 |
| | ) | |
| Martin Hewes | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| | ) | Honorable Thomas M. Lynch |
| | ) | |

### NOTICE OF MOTION

TO:   Lydia S. Meyer, Chapter 13 Trustee (via ECF)
      Martin Hewes, 7014 Alden Road, Harvard, IL 60033 (via U.S. Mail)

PLEASE TAKE NOTICE that on January 8, 2016 at 10:00 a.m.., the undersigned will appear before the Honorable Thomas M. Lynch at U.S. Court House, 327 South Church Street, Rm. 3100, Rockford, Illinois 61101 and will then and there present the attached Attorney's Application for Compensation for Representing Chapter 13 Debtor(s), at which time you may appear if you so choose.

### Certificate of Service

I, PAUL BACH, hereby certify that I caused a copy of this notice and attached Attorney's Application for Compensation for Representing Chapter 13 Debtor(s) to be served, via U.S. mail to Martin Hewes and electronically through ECF to Lydia S. Meyer (Chapter 13 Trustee), on December 18, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   /S/ PAUL BACH
      SULAIMAN LAW GROUP, LTD
      COUNSEL FOR DEBTOR(S)
      900 JORIE BOULEVARD, SUITE 150
      OAK BROOK, IL 60523
      PHONE:  (630) 575-8181
      FAX:    (630) 575-8188
      ATTORNEY NO: 6209530

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-3<br>Case 15-82766<br>Northern District of Illinois<br>Rockford<br>Fri Dec 18 16:16:11 CST 2015 | U.S. Bankruptcy Court<br>Western Division<br>327 South Church Street<br>Rockford, IL 61101-1320 | (p)ADVANTA<br>700 DRESHER RD<br>HORSHAM PA 19044-2206 |
| American Express<br>Beckett & Lee LLC / Po Box 3001<br>16 General Warren Boulevard<br>Malvern, PA 19355-1245 | American Express<br>Box 0001<br>Los Angeles, CA 90096-8000 | American Express *<br>c/o Becket & Lee<br>P.O. Box 3001<br>Malvern, PA 19355-0701 |
| American Express / Beckett & Lee LLC<br>PO Box 3001<br>16 General Warren Boulevard<br>Malvern, PA 19355-1245 | Attorney Tiffany E Rodriguez<br>6833 Stalter Dr.<br>Rockford, IL 61108-2579 | Bank Of America, N.A. *<br>401 N. Tryon Street<br>NC1-021-02-20<br>Charlotte, NC 28255-0001 |
| Bank of America<br>PO Box 15290<br>Wilmington, DE 19850-5290 | CACH LLC / Square Two Financial<br>4340 S. Monaco Street, 2nd Floor<br>Denver, CO 80237-3485 | Cach LLC/Square Two Financial<br>Attention: Bankruptcy<br>4340 South Monaco St.  2nd Floor<br>Denver, CO 80237-3485 |
| Centegra Clinical Laboratories<br>4201 W. Medical Center Drive<br>McHenry, IL 60050-8409 | Centegra Health System<br>13707 W. Jackson<br>Woodstock, IL 60098-3188 | Centegra Health System<br>PO Box 1990<br>Woodstock, IL 60098-1990 |
| Centegra Hospital<br>4201 W Medical Center Drive<br>McHenry, IL 60050-8409 | Chase *<br>3415 Vision Drive<br>Mail Code OH4-7142<br>Columbus, OH 43219-6009 | Chase *<br>ATTN:  Bankruptcy Department<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Chase Card Services<br>Po Box 15298<br>Wilmington, DE 19850-5298 | City of Crystal Lake<br>100 W Woodstock Street<br>Crystal Lake, IL 60014-4262 | David Stuart and Portia Stuart<br>140 E. Hamletsburg Road<br>Brookport, IL 62910-2962 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Financial<br>Attn: Bankruptcy<br>Po Box 3025<br>New Albany, OH 43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Equifax Information Services, LLC<br>1550 Peachtree Street NW<br>Atlanta, GA 30309 | Experian Information Solutions, Inc.<br>475 Anton Boulevard<br>Costa Mesa, CA 92626-7037 | FIA<br>Client Services, Inc.<br>3451 Harry S. Truman Boulevard<br>Saint Charles, MO 63301-9816 |
| FIA Card Services, N.A.<br>PO Box 15019<br>Wilmington, DE 19886-5019 | Harris<br>Harris & Harris, Ltd.<br>111 W Jackson Blvd 400<br>Chicago, IL 60604-4135 | Harris & Harris , Ltd.<br>222 Merchandise Mart Plaza, Suite 1900<br>Chicago, IL 60654-1421 |

Harris & Harris, Ltd.
111 West Jackson Boulevard, Suite 400
Chicago, IL 60604-4135

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase*
270 Park Avenue
New York, NY 10017-2014

MCSI Inc
7330 College Drive, Suite 108
Palos Heights, IL 60463-1186

McHenry County Clerk
2200 N. Seminary Avenue
Woodstock, IL 60098-2698

McHenry County Clerk
667 Ware Road
Woodstock, IL 60098-8303

McHenry County Treasurer
Government Center
2200 N. Seminary Avenue
Woodstock, IL 60098-2637

Mcsi Inc
Po Box 327
Palos Heights, IL 60463-0327

Pinnacle Credit Service
Attn: Bankruptcy
Po Box 640
Hopkins, MN 55343-0640

Pinnacle Credit Services
7900 Minnesota 7
Minneapolis, MN 55426

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Portfolio Recovery Associates, Inc
120 Corporate Boulevard
Norfolk, VA 23502-4962

Professional Account Management, LLC
633 W Wisconsin Avenue
Milwaukee, WI 53203-1920

Professional Account Management, LLC
PO Box 1022
Wixom, MI 48393-1022

Professional Placement Services
272 N. 12th Street
PO Box 612
Milwaukee, WI 53201-0612

Professional Placement Services
Attn: Crissy
Po Box 612
Milwaukee, WI 53201-0612

Rozovics Law Firm, LLC
263 King Street
Crystal Lake, IL 60014-5708

Steven J. McArdle
Clark & McArdle, P.C.
75 East Crystal Lake Avenue
Crystal Lake, IL 60014-6136

Trans Union LLC
P.O. Box 2000
Chester, PA 19016-2000

Verizon Communications, Inc
1515 Woodfield Road
Schaumburg, IL 60173-6046

Verizon Wireless
1 Verizon Place
Alpharetta, GA 30004-8510

Village of Lakemoor
28874 Illinois Route 120 Suite C
Lakemoor, IL 60051-7204

Village of Lakemoor Police Department
27901 West Concrete Drive
Lakemoor, IL 60041-8835

Village of Lakemoor Public Works Dept.
333 Wegner Road
Lakemoor, IL 60051-8656

Walworth County Clerk Of Court
1800 County Road NN
Elkhorn, WI 53121-4454

Lydia Meyer
Lydia Meyer - 13 Trustee
P.o. Box 14127
Rockford, IL 61105-4127

Martin Hewes
7014 Alden Road
Harvard, IL 60033-9705

Patrick S Layng
Office of the U.S. Trustee, Region 11
780 Regent St.
Suite 304
Madison, WI 53715-2635

Paul M Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523-3810

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Advanta<br>Welsh and McKean Roads<br>Po Box 844<br>Spring House, PA 19477 | Discover Financial Services<br>2500 Lake Cook Road<br>Deerfield, IL 60015 | (d)Discover Financial Services LLC<br>Po Box 15316<br>Wilmington, DE 19850 |
| Portfolio Recovery<br>Attn: Bankruptcy<br>Po Box 41067<br>Norfolk, VA 23541 | (d)Portfolio Recovery Associates<br>Po box 12914<br>Norfolk, VA 23541 | (d)Portfolio Recovery Associates LLC<br>PO Box 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Portia and David Stuart | (u)David and Portia Stuart | End of Label Matrix<br>Mailable recipients    59<br>Bypassed recipients     2<br>Total                  61 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-82766 |
| Martin Hewes | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Thomas M. Lynch |
| | ) | |
| Debtor(s) | ) | |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
**(Use for cases filed on or after April 20, 2015)**

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4,000.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$          0  for filing fee paid by the attorney with the attorney's funds

$          0  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$          0  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☒ None

A total of  $              .

Date of Application:  12/18/2015            Attorney Signature  /s/ Paul Bach, Esq.

Local Bankruptcy Form 23-1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Revised as of 4/20/2015)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

**A.    *BEFORE THE CASE IS FILED***

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**B.** *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney

2

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

### C.   *TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES*

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses, pursuant to section 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

3

### D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:
   Debtor's attorney received $2,580.00 from the Debtor prior to filing the case as an advanced payment in compensation of: (1) analysis of financial situation; (2) consultation on various bankruptcy and non-bankruptcy options; (3) preparation of documents;

(b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c) The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d) Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e) The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

### E. CONDUCT AND DISCHARGE

4

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

## F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $**4,000.00**

2. In addition, the debtor will pay the filing fee required in the case of $**310.00**

3. Before signing this agreement, the attorney has received , $**2,580.00**

toward the flat fee, leaving a balance due of $**1,420.00**; and $**0.00** for expenses,

leaving a balance due for the filing fee of $**0.00**

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:  **November 30, 2015**

Signed:

_____          _____
**Martin Hewes**                                                    **Paul Bach**

                                                                    Attorney for the Debtor(s)

_____
Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**