Model Plan
11/22/2013

Trustee: ☐ Marshall   ◼ Meyer
☐ Stearns   ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | **Case No. 15-82766** |
| | ) | |
| **Martin Hewes** | ) | |
| | ) | |
| Debtors. | ) | Modified Chapter 13 Plan, dated 12/17/15 |

◼    A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **3** ; (b) their ages are **61, 62, 30** ; (c) total household monthly income is $ **4,120.59** ; and (d) total monthly household expenses are $ **1,081.00** , leaving $ **3,039.59** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

1

**Section C. Direct payment of claims by debtor**

■   The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐   The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

   Creditor:  -NONE-      , monthly payment, $        

**Section D. Payments by debtor to the trustee; plan term and completion**

1. *Initial plan term.* The debtor will pay to the trustee $ __3,039.00__ monthly for __12__ months [and **$4,200.00 per month for 12 months, then $5,200.00 per month for 12 months, then $6,000.00 per month for 12 months, then $7,000.00 per month for 12 months**], for total payments, during the initial plan term, of $ __305,268.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E. Disburse- ments by the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __15,263.40__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

-NONE-

**2**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ _0.00_ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ _1,420.00_ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor _David Stuart and Portia Stuart_ , arrears of $ _175,000.00_ , payable monthly from available funds, pro rata with other mortgage arrears,
☐ without interest /or/ ◼ with interest at an annual percentage rate of _5.50_%.
These arrearage payments, over the term of the plan, are estimated to total $ _197,455.53_ .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ _0.00_ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:___-NONE-___ shall be paid at ___N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $ ___N/A___ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ◼ to the extent possible from the payments set out in Section D, but not less than _59_% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

**3**

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ □ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____ N/A _____ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $    305,268.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---:|
| (a) Trustee's fees | $ | 15,263.40 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 0.00 |
| (d) Priority payments to debtor's attorney | $ | 1,420.00 |
| (e) Payments of mortgage arrears | $ | 197,455.53 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |

(h) Total *[add Lines 2a through 2g]*     $    214,138.93

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $    91,129.07

(4) Estimated payments required after initial plan term:
(a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $    155,043.00
(b) Minimum GUC payment percentage     59 %
(c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $    91,475.37
(d) Estimated interest payments on unsecured claims     $    0.00
(e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $    91,475.37
(f) Payments available during initial term *[enter Line 3]*     $    91,129.07
(g) Additional payments required *[subtract Line 4f from Line 4e]*     $    346.30

(5) Additional payments available:
(a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $    4,833.41
(b) Months in maximum plan term after initial term     0
(c) Payments available *[multiply line 5a by line 5b]*     $    0.00

**4**

**Section I.**
***Payroll***
***Control***

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**    **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Paul Bach    **Date** December 17, 2015
_____    _____

***Attorney Information***
***(name, address,***
***telephone, etc.)***

Paul Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. **David Stuart and Portia Stewart shall within 30 days of discharge in this Chapter 13 case convey and transfer the legal title (and any other type of title) of the real estate commonly known as 7014 Alden Road, Harvard, Illinois (this includes the entire 5 acre parcel) to the Debtor.**

**5**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 15-82766-TML
Martin Hewes                                                              Chapter 13
              Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-3          User: kkrystave          Page 1 of 2          Date Rcvd: Dec 17, 2015
                             Form ID: pdf003           Total Noticed: 58

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 19, 2015.
db         +Martin Hewes,   7014 Alden Road,   Harvard, IL 60033-9705
23886641   +American Express,   Beckett & Lee LLC / Po Box 3001,   16 General Warren Boulevard,
            Malvern, PA 19355-1245
23886642   +American Express,   Box 0001,   Los Angeles, CA 90096-8000
23886643   +American Express,   c/o Becket & Lee,   P.O. Box 3001,   Malvern, PA 19355-0701
23886644   +American Express / Beckett & Lee LLC,   Po Box 3001,   16 General Warren Boulevard,
            Malvern, PA 19355-1245
23886657   +Attorney Tiffany E Rodriguez,   6833 Stalter Dr.,   Rockford, IL 61108-2579
23886646   +Bank Of America, N.A.,   401 N. Tryon Street,   NC1-021-02-20,   Charlotte, NC 28255-0001
23886645   +Bank of America,   PO Box 15290,   Wilmington, DE 19850-5290
23886649   +Centegra Clinical Laboratories,   4201 W. Medical Center Drive,   McHenry, IL 60050-8409
23886650   +Centegra Health System,   PO Box 1990,   Woodstock, IL 60098-1990
23886651   +Centegra Health System,   13707 W. Jackson,   Woodstock, IL 60098-3188
23886652   +Centegra Hospital,   4201 W Medical Center Drive,   McHenry, IL 60050-8409
23886653   +Chase,   ATTN: Bankruptcy Department,   P.O. Box 15298,   Wilmington, DE 19850-5298
23886654   +Chase,   3415 Vision Drive,   Mail Code OH4-7142,   Columbus, OH 43219-6009
23886655   +Chase Card Services,   Po Box 15298,   Wilmington, DE 19850-5298
23886656   +City of Crystal Lake,   100 W Woodstock Street,   Crystal Lake, IL 60014-4262
23995602   +David Stuart and Portia Stuart,   140 E. Hamletsburg Road,   Brookport, IL 62910-2962
23886661    Equifax Information Services, LLC,   1550 Peachtree Street NW,   Atlanta, GA 30309
23886662   +Experian Information Solutions, Inc.,   475 Anton Boulevard,   Costa Mesa, CA 92626-7037
23886663   +FIA,   Client Services, Inc.,   3451 Harry S. Truman Boulevard,   Saint Charles, MO 63301-9816
23886664   +FIA Card Services, N.A.,   PO Box 15019,   Wilmington, DE 19886-5019
23886665   +Harris,   Harris & Harris, Ltd.,   111 W Jackson Blvd 400,   Chicago, IL 60604-4135
23886666   +Harris & Harris , Ltd.,   222 Merchandise Mart Plaza, Suite 1900,   Chicago, IL 60654-1421
23886667   +Harris & Harris, Ltd.,   111 West Jackson Boulevard, Suite 400,   Chicago, IL 60604-4135
23886668   +JPMorgan Chase,   270 Park Avenue,   New York, NY 10017-2014
23886670   +MCSI Inc,   7330 College Drive, Suite 108,   Palos Heights, IL 60463-1186
23983217   +McHenry County Clerk,   667 Ware Road,   Woodstock, IL 60098-8303
23983216   +McHenry County Clerk,   2200 N. Seminary Avenue,   Woodstock, IL 60098-2698
23983218   +McHenry County Treasurer,   Government Center,   2200 N. Seminary Avenue,
            Woodstock, IL 60098-2637
23886669   +Mcsi Inc,   Po Box 327,   Palos Heights, IL 60463-0327
23886671   +Pinnacle Credit Service,   Attn: Bankruptcy,   Po Box 640,   Hopkins, MN 55343-0640
23886672    Pinnacle Credit Services,   7900 Minnesota 7,   Minneapolis, MN 55426
23886677   +Professional Account Management, LLC,   633 W Wisconsin Avenue,   Milwaukee, WI 53203-1920
23886678   +Professional Account Management, LLC,   PO Box 1022,   Wixom, MI 48393-1022
23886681   +Rozovics Law Firm, LLC,   263 King Street,   Crystal Lake, IL 60014-5708
23886682   +Steven J. McArdle,   Clark & McArdle, P.C.,   75 East Crystal Lake Avenue,
            Crystal Lake, IL 60014-6136
23886683    Trans Union LLC,   P.O. Box 2000,   Chester, PA 19016-2000
23886684   +Verizon Communications, Inc,   1515 Woodfield Road,   Schaumburg, IL 60173-6046
23886685   +Verizon Wireless,   1 Verizon Place,   Alpharetta, GA 30004-8510
23886686   +Village of Lakemoor,   28874 Illinois Route 120 Suite C,   Lakemoor, IL 60051-7204
23886687   +Village of Lakemoor Police Department,   27901 West Concrete Drive,   Lakemoor, IL 60041-8835
23886688   +Village of Lakemoor Public Works Dept.,   333 Wegner Road,   Lakemoor, IL 60051-8656
23886689   +Walworth County Clerk Of Court,   1800 County Road NN,   Elkhorn, WI 53121-4454

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23886640    E-mail/Text: bkr@cardworks.com Dec 18 2015 01:26:22      Advanta,   Welsh and McKean Roads,
            Po Box 844,   Spring House, PA 19477
23886647   +E-mail/Text: ebn@squaretwofinancial.com Dec 18 2015 01:28:24
            CACH LLC / Square Two Financial,   4340 S. Monaco Street, 2nd Floor,   Denver, CO 80237-3485
23886648    E-mail/Text: ebn@squaretwofinancial.com Dec 18 2015 01:28:24      Cach LLC/Square Two Financial,
            Attention: Bankruptcy,   4340 South Monaco St. 2nd Floor,   Denver, CO 80237-3485
23886659    E-mail/Text: mrdiscen@discover.com Dec 18 2015 01:26:32      Discover Financial Services,
            2500 Lake Cook Road,   Deerfield, IL 60015
23886660    E-mail/Text: mrdiscen@discover.com Dec 18 2015 01:26:32      Discover Financial Services LLC,
            Po Box 15316,   Wilmington, DE 19850
23903320    E-mail/Text: mrdiscen@discover.com Dec 18 2015 01:26:32      Discover Bank,
            Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
23886658   +E-mail/Text: mrdiscen@discover.com Dec 18 2015 01:26:32      Discover Financial,
            Attn: Bankruptcy,   Po Box 3025,   New Albany, OH 43054-3025
23983219    E-mail/Text: rev.bankruptcy@illinois.gov Dec 18 2015 01:27:34
            Illinois Department of Revenue,   Bankruptcy Section,   PO Box 64338,   Chicago, IL 60664-0338
23983220    E-mail/Text: cio.bncmail@irs.gov Dec 18 2015 01:26:53      Internal Revenue Service,
            PO Box 7346,   Philadelphia, PA 19101-7346
23886673    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 18 2015 01:25:02
            Portfolio Recovery,   Attn: Bankruptcy,   Po Box 41067,   Norfolk, VA 23541
23886674    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 18 2015 01:25:02
            Portfolio Recovery Associates,   Po Box 12914,   Norfolk, VA 23541
23886675    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 18 2015 01:25:01
            Portfolio Recovery Associates LLC,   PO Box 41067,   Norfolk, VA 23541

```
District/off: 0752-3          User: kkrystave          Page 2 of 2          Date Rcvd: Dec 17, 2015
                             Form ID: pdf003           Total Noticed: 58
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
23886676        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 18 2015 01:24:42
                 Portfolio Recovery Associates, Inc,   120 Corporate Boulevard,   Norfolk, VA 23502-4962
23886679        +E-mail/Text: admin@paypps.com Dec 18 2015 01:30:19     Professional Placement Services,
                 Attn: Crissy,   Po Box 612,   Milwaukee, WI 53201-0612
23886680        +E-mail/Text: admin@paypps.com Dec 18 2015 01:30:19     Professional Placement Services,
                 272 N. 12th Street,   PO Box 612,   Milwaukee, WI 53201-0612
                                                                                    TOTAL: 15

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23995425         Portia and David Stuart
                                                                      TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 19, 2015                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 17, 2015 at the address(es) listed below:
          Lydia  Meyer    on behalf of Trustee Lydia  Meyer ecf@lsml3trustee.com
          Lydia  Meyer    ecf@lsml3trustee.com
          Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
          Paul M Bach    on behalf of Debtor 1 Martin  Hewes ecfbach@gmail.com,
           ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
           badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
           ress.info
          Tiffany  Rodriguez    on behalf of Creditor David and Portia  Stuart trodriguez@bslbv.com
                                                                              TOTAL: 5
```