UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | |
|---|---|
| In Re:<br>MARTIN HEWES<br><br><br>Debtor(s) | BK No.:   15-82766<br><br>Chapter:  13<br>Honorable Thomas M. Lynch |

## AGREED ORDER GRANTING RELIEF FROM STAY

THIS MATTER coming before the Court on the Motion of the Secured Creditors, PORTIA STUART & DAVID STUART, for relief from the automatic stay pursuant to 11 U.S.C. 362(d) for the real property commonly known as 7014 Alden Road, Harvard, Illinois 60033 (the "Property"), due notice having been given, the parties being in agreement, and the Court being fully advised herein, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Debtor is to remain current on his monthly plan payments to the Chapter 13 Trustee as outlined in the proposed Chapter 13 Plan, and as subsequently modified;

2. The Trustee shall make adequate protection payments to Portia & David Stuart from the Chapter 13 Plan payments prior to Confirmation of the Plan in the manner and amount approved by the Court in the Motion for Adequate Protection currently pending before this Court;

3. If the Debtor fails to make any timely Chapter 13 Plan payments and/or defaults on payments resulting in a missed or deficient adequate protection payment, then the Debtor shall be deemed to be in default and the automatic stay shall be terminated as to the Property without further order of this Court if the Default is not cured within ten (10) days after issuance of a Notice of Default by the Creditors.

4. The Debtor shall have ten (10) days after the issuance of Notice of Default to cure the Default. The Notice of Default shall be written notice issued by the Creditors to the Debtor and Debtor's attorney via mail and email at paul.bach@sulaimanlaw.com and marty.hewes@gmail.com. If the Default, as outlined in the Notice, is not cured within ten (10) days from the date emailed, then the provisions of paragraph 3 above apply and the automatic stay shall be terminated as to this Property.

5. Payments due under the Plan shall be deemed untimely and late if they are not posted to the Trustee's website within 5 days after the due date;

6. The Creditors shall not issue any notice of default regarding the December 2015 and January 2016 payments until after January 15, 2016. In the event the payments are not current as of January 15, 2016, a Notice of Default may be issued by the Creditors.

7. The Debtor may avail himself of the cure provision set forth above in paragraphs 3 and 4 a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, the Automatic Stay will be automatically terminated as to this Property wihtout further Order as the Debtor will no longer have a right to cure.

8. The Proof of Claim (subject to further hearing on the objection) shall stand unaffected unless a Notice of Default and Notice of Lifting are presented to the Trustee.

AGREED:

PORTIA STUART & DAVID STUART, Movant

MARTIN HEWES, Debtor

/s/ TIFFANY E. RODRIGUEZ
By: Tiffany E. Rodriguez, their attorney

/s/ PAUL BACH
By: Paul Bach, his attorney

Lydia Meyer, Chapter 13 Trustee,

/s/ FIONA WHALEN
By: Fiona Whalen, her attorney

Dated: JAN 05 2016

Enter:

United States Bankruptcy Judge

**Prepared by:**
Attorney Tiffany E. Rodriguez
BSLBV Law Firm
6833 Stalter Drive
Rockford, IL 61108
815-962-6611
815-962-1758
trodriguez@bslbv.com

Rev: 20151029_bko